

# THE ATTORNEY GENERAL

# OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

August 2, 1962

Honorable W. C. Lindsey
Criminal District Attorney
Jefferson County
Beaumont, Texas

Dear Mr. Lindsey:

Opinion No. WW-1411

Re: Who is responsible for the
June collection deposited in
the fee account of suspended
Sheriff C. H. "Charley"
Meyer and related questions.

You have requested an opinion from this office on the following questions:

1. Who is responsible for the June collections that were deposited to the C. H. "Charley" Meyer account?

2. Who should sign the checks to distribute the funds now in that account?

3. There was a shortage in the Meyer account for which restitution has been made to the County and deposited in a special C. H. "Charley" Meyer account. However, these funds have not been disbursed. Who, now, has the authority to sign the checks to disburse these funds now in the C. H. "Charley" Meyer special fund?

These questions grow out of the removal suit action instituted against C. H. "Charley" Meyer, the elected Sheriff of Jefferson County, Texas, and filed in the 60th Judicial District Court of Jefferson County, Texas, on March 27, 1961. On May 21, 1962, the State took a nonsuit in this case. The State, on May 31, 1962, filed a removal suit against C. H. "Charley" Meyer in the 136th District Court of Jefferson County, Texas, and filed a motion for the suspension of C. H. "Charley" Meyer. Later that day, the defendant, C. H. "Charley" Meyer, filed a motion in the 60th District Court for the reinstatement of the State's original removal suit, which motion was set for hearing on June 6, 1962. The Judge of the 136th District Court issued an order temporarily suspending C. H. "Charley" Meyer as Sheriff of Jefferson County, Texas, and appointed Richard E. Culbertson to serve as Acting Sheriff of Jefferson

County, Texas, on May 31, 1962.  Later on the same day, an order was signed by the Judge of the 60th Judicial District Court, enjoining Culbertson from acting as Sheriff.

On June 6, 1962, Judge Gary of the 60th Judicial District Court signed an order reinstating the original removal suit and thereby setting aside the nonsuit order that had been granted previously; also, he enjoined Culbertson from acting as Sheriff.

A writ of mandamus was granted by the Supreme Court of Texas in The State of Texas, ex rel. George Dishman, et al. v. Honorable Gordon D. Gary, District Judge, ____ Tex. ____ (Sup. Ct., July 2, 1962). The Court, in its opinion, said, in part:

> "We hold that the order purporting to reinstate Cause No. B-77,303 on the docket of the 60th District Court dated June 6, 1962, and the injunctive ancillary orders contained in the decree hearing on said date are nugatory and void for the reasons herein set forth and should accordingly be expunged from the records of said 60th District Court. "

The above opinion holds that the 60th District Court's temporary restraining order, enjoining and restraining Richard E. Culbertson from acting or purporting to act as Acting Sheriff of Jefferson County, is null and void and that the order of the 136th District Court, appointing him Acting Sheriff, is a valid order.

C. H. "Charley" Meyer was the duly elected and legally qualified Sheriff of Jefferson County, Texas, up to and on May 31, 1962, when the 136th District Court, in Cause No. D-79,254, ordered his suspension. On the same day, by order of the 60th District Court, the Acting Sheriff, appointed by order of the 136th District Court, was restrained from acting and C. H. "Charley" Meyer continued to occupy and carry out the duties of the office of Sheriff of Jefferson County, Texas, until the opinion of the Supreme Court on July 2, 1962.

Duly elected officers suspended from office by a court of competent jurisdiction, pending removal proceedings, are de jure officers. Attorney General's Opinion WW-1064.  Meyer collected fees due the office of Sheriff during this time period.

Article 6877, Vernon's Civil Statutes, provides:

"When any sheriff or any constable shall from any cause vacate his office, all unfinished business whatsoever in his hands shall be transferred to his successor, and be completed by him in the same manner as if commenced by himself."

In answer to your questions, it is the opinion of this office that the fees collected by the de jure sheriff and currently carried in the C. H. "Charley" Meyer account are subject to be disbursed by and on the authority of the Acting Sheriff, Richard E. Culbertson, as unfinished business of the office of Sheriff when he assumed the office. Article 6877, V. C. S., supra. All other unfinished business should be completed by the Acting Sheriff.

## SUMMARY

Richard E. Culbertson, Acting Sheriff of Jefferson County, is the only person authorized to sign checks distributing funds collected by suspended Sheriff, C. H. "Charley" Meyer, from May 31, 1962, to July 2, 1962. All other unfinished business left by C. H. "Charley" Meyer should be completed by the Acting Sheriff.

Very truly yours,

WILL WILSON
Attorney General of Texas

By Charles R. Lind

Charles R. Lind
Assistant Attorney General

CRL/sh/pe

APPROVED:
OPINION COMMITTEE:
W. V. Geppert, Chairman
J. Gordon Zuber
Bill Colburn
Ben Harrison
W. O. Shultz

REVIEWED FOR THE ATTORNEY GENERAL
BY:    Leonard Passmore